### KEELY v. KOPPEL.

#### (Supreme Court, Appellate Term. February 24, 1910.)

LANDLORD AND TENANT (§ 169*) — INJURY TO TENANT'S CHILD — DEFECTIVE STAIRWAY—NEGLIGENCE—NOTICE.

Evidence, in an action against a landlord of an apartment house for injury to a child of a tenant from tripping on a nail protruding from the upper part of the stairs, that two weeks before the accident the oilcloth had been removed from the stairs at such point, leaving a row of tacks, on which various tenants had tripped, and that the plank at the top of the stairs was broken, and the stairway in a generally unsafe condition, was sufficient to go to the jury on the question of defendant's negligence, and whether the unsafe condition had existed long enough to charge him with notice.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mary Keely, an infant, against Vincent Koppel. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Samuel Ecker (Abraham Brill, of counsel), for appellant.
Frank V. Johnson (James E. Turner, of counsel), for respondent.

GUY, J.   This is an appeal by the plaintiff from a judgment rendered by the court in favor of the defendant, dismissing the complaint. The action was brought by the plaintiff, an infant, through her guardian ad litem, to recover damages for personal injuries, alleged to have resulted from plaintiff tripping on a nail, which protruded from the upper part of the stairs in an apartment house, wherein plaintiff resided with her parents.

The evidence shows that the accident happened about 9 :30 a. m.; that plaintiff was in the habit of going up and down the stairs four or five times a day; that at the time of the alleged accident she was looking carefully where she was going, but did not see the nail; that about two weeks before the accident the oilcloth had been removed from the stairs at the point in question, leaving a row of tacks, upon which various tenants had tripped during the course of said two weeks; that the plank at the top of the stairs was broken, and the stairway in a generally unsafe condition.   No specific notice to the defendant as to the condition of the stairs was shown; but on all the evidence it was a question for the jury whether such unsafe condition had not existed for a sufficient length of time to charge the owner of the premises with implied notice.   The question of defendant's negligence was, on all the evidence in the case, a question for the jury, and the court erred in dismissing the complaint.

Judgment is therefore reversed, and a new trial ordered with costs to appellant to abide the event.   All concur.